UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Crossover Financial I, LLC | ) | Case No.  11-24257-SBB |
| Tax ID / EIN: 20-3295455, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

_____

**UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF
DEBTOR'S DISCLOSURE STATEMENT DATED OCTOBER 28, 2011**

_____

The United States Trustee ("UST"), by and through his undersigned counsel, hereby objects to the adequacy of the Debtor's Disclosure Statement Dated October 28, 2011.  As his Objection, he states and alleges as follows:

1.      On June 15, 2011, Debtor Crossover Financial I, LLC filed its voluntary chapter 11 petition.

2.      On October 28, 2011, the Debtor filed its Chapter 11 Plan of Reorganization and its Disclosure Statement to accompany the Plan (the "Disclosure Statement").

3.      The Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan as required by 11 U.S.C. § 1125 for the following reasons:

A.      On page 4, the Debtor provides that it raised $21,542,000 from noteholders and made loans to a related entity HPR, LLC evidenced by three promissory notes in the aggregate amount of $20,400,000.  The Debtor should describe the disposition of the funds raised that were not loaned to HPR.

B.      The Debtor should disclose whether there were any guarantors or co-obligors on HPR's indebtedness to the Debtor.

C.      The Disclosure Statement should more specifically describe HPR's use of the loan proceeds, the amounts repaid by HPR to the Debtor, and the balance of the loan as of HPR's default.

D.      The Disclosure Statement should discuss whether the Debtor has any claims, including against guarantors or co-obligors, relating to the loan made to HPR and subsequent deed in lieu transaction.

E.      The Debtor should disclose whether any person or entity guaranteed debts to the Debtor's noteholders or whether any third party is otherwise obligated on a debt of

the estate.

F.    At the bottom of page 5, the Debtor describes a deed of trust issued by Mitchell B. Yellin, Wealth Wonks Capital LLC and the Debtor to M. Jim Zendejas in the amount of $130,000. From the description provided, it is unclear why Mr. Yellin and Wealth Wonks were included as obligors under that deed of trust and whether any collateral was pledged other than the Debtor's real property.

G.    The Disclosure Statement should generally describe the residential and grazing leases listed on page 8.

H.    The top of page 18 should be updated to reflect that the Debtor is now seeking to employ Matt Call of Navpoint Real Estate Group to serve as a real estate broker. The Debtor should also disclose the anticipated listing price and expected time frame in which the property will be marketed.

WHEREFORE, the United States Trustee prays this Court not approve the Disclosure Statement and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 19, 2011        Respectfully submitted,

RICHARD A. WIELAND
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
999 18th Street, Suite 1551
Denver, Colorado 80202
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of December, 2011, a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT DATED OCTOBER 28, 2011** was placed in first class mail addressed to the following:

Crossover Financial I, LLC
P.O. Box 2645
Elizabeth, CO 80107

Stephen C. Nicholls
1850 Race St.
Denver, CO 80206

Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, CO 80202-2656

/s/ Bev Smith
Office of the United States Trustee