UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| CROSSOVER FINANCIAL I, LLC ) | Case No.  11-24257 SBB |
| ) | Chapter   11 |
| EIN #: 20-3295455 ) | |
| ) | |
| ) | |
| Debtor. ) | |

**OBJECTION TO ADEQUACY OF DISCLOSURE STATEMENT
AND REQUEST FOR HEARING THEREON**

Ross A. Reineke, a creditor of the Debtor in this matter ("Reineke") , through his attorneys of record, hereby object to the adequacy of the Debtor's [Proposed] Disclosure Statement to Accompany Debtor's Chapter 11 Plan of Reorganization Dated October 28, 2011 (the "Disclosure Statement").  In support of his objection, Reineke states as follows:

**INTRODUCTION**

1. On June 15, 2011,  above-captioned debtor (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. On October 28, 2011, the Debtor filed a disclosure statement (the "Proposed Disclosure Statement") and its Plan of Reorganization (the "Plan").

3. Notice of the filing of the Disclosure Statement was provided, and this Objection is made within the time permitted for filing objections to the adequacy of the Disclosure Statement.

4. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  Creditors First Regional Bank c/o Trust Administrative Services Corporation f/b/o Philip P. DeCelles, Account # xxx797, by and through Philip P. DeCelles and The DeCelles Trust dated January 10, 20110, Philip P. DeCelles, Trustee, or Nancy L. DeCelles, Trustee, as Co-Trustees (the "DeCelles Creditors") have filed an objection to the Disclosure Statement (Docket No. 102.) Reineke joins in and adopts the arguments and allegations set forth in that Objection.

**ARGUMENT**

1

6.   Prior to soliciting acceptances for a reorganization plan Bankruptcy Code section 1125 requires a debtor to file a disclosure statement that contains "adequate information." See 11 U.S.C. § 1125(b). The Bankruptcy Code defines adequate information as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .
>
> 11 U.S.C. § 1125(b).

7.   Additionally, a court can withhold approval of a proposed disclosure statement if the proposed plan is non-confirmable. See, e.g., *In re Georgetown Park Apartments, Ltd.*, 103 B.R. 248, 250 (Bankr. S.D. Cal. 1989).

8.   For reasons set forth below, the Proposed Disclosure Statement does not satisfy these standards, and the Court should deny approval of the Proposed Disclosure Statement.

**A.   The Disclosure Statement Does Not Provide Adequate Information**

9.   The Debtor's Plan is a liquidating plan, under which the Debtor proposes to sell its real property located in El Paso County, Colorado to satisfy claims against the Debtor.

10.   The Debtor values its real property at $14 Million. The property is, by and large, undeveloped real estate. However, the Debtor has provided no information upon which a hypothetical investor might evaluate this estimate of value. In addition, the Debtor and its predecessors expended $20 Million in connection with acquisition, developing and marketing of the real property, pre-petition. Of that sum $7.6 Million was apparently expended in development activities. No explanation of the reasons for the Debtor's lack of success in previous development and marketing efforts is provided. No description of the improvements, if any, to the real property constructed by the Debtor is provided.

11.   No narrative of the activities of the Debtor during the pendency of the Chapter 11 case is provided. For example (a) Debtor fails to describe the Motion to Dismiss filed by creditors (Docket No. 48), the basis for that Motion, or the effect of the Motion upon the Plan; (b) Debtor has not provide any meaningful financial reporting during the pendency of the case, and no explanation for that failure is provided; (c) the Debtor has failed to evaluate potential recoveries against its insiders, despite the Debtor's duty to pursue recovery of any avoidable insider transfers.

12.   The Disclosure Statement fails to address the effect upon the ability to confirm the Plan

of the so-called absolute priority rule.

13. The Disclosure Statement fails to address the requirement that the Plan must be proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a) (3)
Disclosures related to this element are particularly necessary in this case, in light of the fact that there is a pending Motion to Dismiss based, in part upon allegations that the case was filed in bad faith.

14. The Disclosure Statement fails to address the requirement that the plan proponent (here, the Debtor) must comply with the applicable provisions of Title 11. Disclosures related to this element are particularly necessary in this case, in light of the fact that the Debtor has failed to provide required monthly reporting.

15. The Disclosure Statement contains no information concerning how the Debtor will fund its post-confirmation activities, or any budget or time-line for marketing and sale of its assets.

16. Absent detailed, accurate and comprehensive information respecting each of the categories described above, the creditors and parties in interest in this case cannot make an informed decision about the Debtor's ability to act as a competent fiduciary, the suitability of the Plan or the best interests of creditors test and other plan confirmation standards.

**B.    The Plan is Not Confirmable.**

17. The Debtor's Plan is not confirmable, because it is not proposed in good faith, the Debtor has not complied with the provisions of Title 11 applicable to debtors-in-possession, and it is not in the best interest of creditors to confirm the Plan.

18. Approval of a disclosure statement for a plan which is not confirmable is not necessary of in the best interests of the Estate or the creditors.

### REQUEST FOR HEARING

19. Reineke requests the Court to take evidence upon each of the issues raised in this Objection.

### REQUEST FOR RELIEF

Wherefore, for the reasons set forth above, Creditor Reineke requests the Court to enter its order denying the adequacy of the Debtor's proposed Disclosure Statement, and enter such other and further relief as is deemed appropriate by this Court.

Dated this 19th day of December, 2011.    THOMAS F. QUINN, P.C.

By: *s/ Thomas F. Quinn*
_____
Thomas F. Quinn (# 5887)
1600 Broadway, Suite 2350
Denver, CO 80202
Telephone: (303) 832-4355
Facsimile: (303) 672-8281
Email: tquinn@tfqlaw.com

and

Donald W. Alperstein
Alperstein & Covell, P.C.
1660 Broadway, Suite 2350
Denver, CO 80202
Telephone: (303) 894.8191
Facsimile: (303) 861.0420
Email: dwa@alpersteincovell.com

Counsel for Ross A. Reineke

**CERTIFICATE OF SERVICE**

I hereby certify that I have serviced on this 19th day of December, 2011, a true and correct copy of the foregoing **OBJECTION TO ADEQUACY OF DISCLOSURE STATEMENT AND REQUEST FOR HEARING THEREON** by placing the same in the United States mail, postage prepaid, addressed to:

| | |
|---|---|
| Alan K. Motes, Esq.<br>U.S. Trustee's Office<br>999 18th St., #1551<br>Denver, CO 80202 | Phillip P. Decelles and Nancy L. DeCelles<br>DeCelles Family Trust 1124 State Lane<br>Yountville, CA 94599 |
| Jason P. Kane, Esq.<br>Ranson & Kane, P.C. 3475 Briargate Blvd.,<br>Ste. 201<br>Colorado Springs, CO 80920 | Stephen C. Nicholls, Esq.<br>1850 Race St.<br>Denver, CO 80206 |
| John Randolph Torbet, Esq.<br>Torbet & Tuft, LLC<br>320 E. Costilla St.<br>Colorado Springs, CO 80903 | Steven J. Barr, Esq.<br>5410 Powers Center Pt., Ste. 100<br>Colorado Springs, CO 80920 |
| Jeffrey L. Weeks, Esq.<br>Weeks & Luchetta, LLP<br>102 S. Tejon St., Ste. 910<br>Colorado Springs, CO 80903 | Daniel K. Usiak, Esq.<br>128 S. Tejon St., Ste. 202<br>Colorado Springs, CO 80903 |
| Donald Bruce Coles<br>Quinn & Coles, LLP<br>Ptarmigan Place<br>3773 Cherry Creek N. Dr., Ste. 620<br>Denver, CO 80209-3820 | Stephen C. Nicholls<br>Nicholls & Associates, P.C.<br>1850 Race Street<br>Denver, CO 80206 |
| Jeffrey A. Weinman<br>William A. Richey<br>Weinman & Associates, P.C.<br>730 17th Street, Suite 240<br>Denver, CO 80202-3506 | |

*S/* Denae Brogie

_____