UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CROSSOVER FINANCIAL I, LLC | ) | Case No. 11-24257 SBB |
| EIN: 20-3295455 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**SUPPLEMENTAL OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT**

First Regional Bank c/o Trust Administrative Services Corporation FBO Philip P. DeCelles, Account# xxx797, by and through Philip P. DeCelles, note holders and The DeCelles Trust dated January 10, 2006, Philip P. DeCelles, Trustee, or Nancy L. DeCelles, Trustee, by and through Philip P. DeCelles and Nancy L. DeCelles, as Co-Trustee ("DeCelles Creditors"), by their undersigned counsel, hereby submit their Supplemental Objection to the Second Amended Disclosure Statement of the Debtor filed March 8, 2013, which expressly incorporated their filed objection on December 20, 2011 to the Debtor's original disclosure statement, as well as their filed objection filed on September 17, 2012 to the Debtor's amended disclosure statement, and further states as follows:

1. This case was filed on June 15, 2011 and his now been pending almost 22 months.

2. The original disclosure statement by the debtor was filed October 28, 2011.

3. That disclosure statement was opposed by several creditors, including the DeCelles Creditors on a variety of grounds.

4. A hearing before this Court was held on August 22, 2012 to consider those objections.

5. At such hearing the Court noted that it believed a number of the objections were well founded and ordered the Debtor to file an amended disclosure statement and plan to address those objections.

6. The Debtor then filed its first amended disclosure statement and plan on September 7, 2012.

7. Objections were likewise filed to the amended disclosure statement by several creditors including the DeCelles Creditors who, *inter alia*, incorporated their objection to the original disclosure statement since none of the problems noted by them had been corrected in the amendment and were in fact misrepresented to the Court by the Debtor.

8. At hearing on January 15, 2013, the Court declined to approve the amended disclosure statement as well and ordered the Debtor to file a second amended disclosure statement.

9. The Debtor then filed its Second Amended Disclosure Statement and plan on March 8, 2013.

10. A review of the second amendment shows almost no substantive change from the first amendment.

11. The same exact conflicts of interest exist in the second amendment that existed with the first two disclosure statements and plans which left Mitchell Yellen in sole charge of the Debtor.

12. The Debtor continues to misrepresent, at pp. 14-15 of their Second Amended Disclosure Statement, the legitimacy of the deed in lieu transaction without disclosing the actual rulings of the El Paso District Court. (See, DeCelles Objection filed September 17, 2012, ¶ 14.)

13. The Second Amended Disclosure Statement, at p. 15, also perpetuates the Debtor's earlier misrepresentation about the value of the property when the deed in lieu transaction was actually consummated after the market hit the skids in November 2007, rather than six months earlier and which Mr. Yellen's own testimony confirms. (See DeCelles Objection filed September 17, 2012, ¶ 15-16.)

14. The Second Amended Disclosure Statement still claims, at p. 15, there is "little probability of collection" of judgments against the three insiders receiving fraudulent transfers by release of their guarantee, but provides no information about such guarantors' financial condition.

15. Even though the Second Amended Disclosure Statement is signed by Mitchell Yellen, one of the guarantors, it now adds the new and preposterous statement, at p. 15, that he is not privy to the personal finances of the individuals, which includes himself!

16. At p. 6, the Second Amended Disclosure Statement also states that the DeCelles Creditor claims against Mr. Yellen for breach of fiduciary duty and fraud "were withdrawn," without making clear they were only withdrawn pursuant to a settlement agreement granting Yellen a six month period to consummate after its entry and following denial of summary judgment for all three defendants in favor of the DeCelles Creditors.

17. For the Second Amended Disclosure Statement, the Debtor after 22 months in bankruptcy is unable to provide any details at all about unnamed new lenders/consultants except they are unwilling to "proceed," in some unspecified fashion, until this Court blindly and in the complete dark approves a plan in this case. On that ground alone the Second Amended Disclosure Statement is inadequate and the second amended plan not confirmable.

18. Finally, it is important for this Court to recognize that a primary asset of the estate of this Debtor is its claims against the three guarantors who released themselves without adequate cause or consideration. Since this case was filed on June 15, 2011, the statue of limitations for pursuit of those claims will expire on June 14, 2013 unless this Court prior to that date appoints a trustee for this debtor under 11 U.S.C. 1104 or an election of trustee occurs under 11 U.S.C. 702 prior to that date.

19. The Debtor has consistently stated for the past 22 months that it has no intent to pursue those claims. Despite repeated objections and inadequate disclosure of information why not, no legitimate basis has yet to be provided for not doing so. As such, this Court should before the limitations period expires either promptly appoint a trustee or timely convert the case so an election of trustee can be held.

Wherefore, the second amended disclosure statement should be rejected and not approved.

Dated:  April 12, 2013

Respectfully submitted,

LAW OFFICE OF D. BRUCE COLES, PC

*/s/* D. Bruce Coles
D. Bruce Coles, #7776
7500 E. Arapahoe Rd. Ste 360
Centennial, CO 80112
Phone: (303) 355-2630
Fax: (303) 355-2773
E-Mail: dbcoles@qwestoffice.net

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SUPPLEMENTAL OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT**, was mailed via U.S. Mail this 12th day of April, 2013, postage prepaid, addressed to the following:

Alan K. Motes, Esq.
U.S. Trustee's Office
999 18th Street Ste 1551
Denver, CO 80202

William A. Richey, Esq.
Weinman & Associates, PC
730 17th St Ste 240
Denver, CO 80202-3506

Jason P. Kane, Esq.
Ranson & Kane, PC
3475 Briargate Blvd. Ste 201
Colorado Springs, CO 80920

Stephen C. Nicholls, Esq.
1850 Race Street
Denver, CO 80206

John Randolph Torbet, Esq.
Torbet & Tuft, LLC
320 E. Costilla St.
Colorado Springs, CO 80903

Donald W. Alperstein, Esq.
Alperstein & Covell, P.C.
1600 Broadway, Ste 2350
Denver, CO 80202

Daniel K. Usiak, Esq.
128 S. Tejon St. Ste 202
Colorado Springs, CO 80903

Crossover Financial I, LLC
P.O. Box 2645
Elizabeth, CO 80903

Steven Barr, Esq.
5410 Powers Center Pt. Ste 100
Colorado Springs, CO 80920

Thomas F. Quinn, Esq.
303 East 17th Street Ste 800
Denver, CO 80203

Jeffrey L. Weeks, Esq.
Weeks & Luchetta, LLP
102 S. Tejon St. Ste 910
Colorado Springs, CO 80903

/s/ Deborah J. Wyss
Deborah J. Wyss