UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CROSSOVER FINANCIAL I, LLC, | ) | CASE NO. 11-24257 SBB |
| EIN:   20-3295455, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S CORRECTED FOURTH AMENDED
CHAPTER 11 PLAN OF REORGANIZATION
DATED AUGUST 21, 2013**

Crossover Financial I, LLC, Debtor-in-Possession hereby proposes it's Chapter 11 Plan of Reorganization pursuant 11 U.S.C. §1121 as follows:

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay the creditors of Crossover Financial I, LLC (the "Debtor") from the proceeds of the liquidation of property of the estate. Property of the Bankruptcy Estate includes ceratin real property located in El Paso County, Colorado ("Real Property") described as follows:

PARCEL A

THE SOUTHWEST QUARTER AND THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 19, TOWNSHIP 11 SOUTH, RANGE 66 WEST OF THE 6TH  P.M., COUNTY OF EL PASO, STATE OF COLORADO.

PARCEL B

THE EAST HALF OF THE OF THE SOUTHEAST QUARTER OF SECTION 24, TOWNSHIP 11 SOUTH, RANGE 66 WEST OF THE 6TH  P.M., COUNTY OF EL PASO, STATE OF COLORADO.

PARCEL C

THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 25, TOWNSHIP 11 SOUTH, RANGE 66 WEST OF THE 6TH  P.M., COUNTY OF EL PASO, STATE OF COLORADO.

PARCEL D

THE NORTH HALF OF THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 11 SOUTH, RANGE 66 WEST OF THE 6TH P.M., COUNTY OF EL PASO, STATE OF COLORADO.

EXCEPT ANY PORTION OF THE ABOVE DESCRIBED TRACTS CONTAINED WITH HIGBY ROAD AS SET FORTH IN RESOLUTION NO 05-241 RECORDED JUNE 21, 2005 UNDER RECEPTION NO. 205092635 AND CONVEYED IN WARRANTY DEED RECORDED JUNE 21, 2005 UNDER RECEPTION NO. 205092636

This Plan provides for 10 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders. It is not anticipated that unsecured creditors holding allowed claims will receive distributions under the Plan. This Plan also provides for payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 <u>Class 1</u>. All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2) and priority tax claims under §507(a)(8)).

2.02. <u>Class 2</u>. Consists of the claim of Colorado Capital Ventures, LLC, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.03. <u>Class 3</u>. Consists of the claim of Colorado Capital Ventures 2, LLC, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property

2.04. <u>Class 4</u>. Consists of the claim of Allen and Vellone, P.C., to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.05.  Class 5. Consists of the claim of the beneficiaries ("Noteholders") of a Deed of Trust dated June 23, 2010, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.  Class 5 claimants are identified of as follows:

| Creditor | Principal Balance | Accrued Interest | Total | Scheduled Claim | Proof of Claim Amount | Proposed Allowed Amount |
|---|---|---|---|---|---|---|
| Aguirre, Oscar | $59,300.00 | $22,090.82 | $81,390.82 | $81,390.82 | | $81,390.82 |
| Aguirre, Rachel | $89,500.00 | $33,339.74 | $122,839.74 | $122,839.74 | | $122,839.74 |
| Bacheller, Lewis | $212,500.00 | $79,165.00 | $291,665.00 | $291,665.00 | | $291,665.00 |
| Baker, Dan & Anna | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $68,629.26 |
| Barton, Kathleen | $84,750.00 | $31,572.00 | $116,322.00 | $116,322.00 | $468,896.82 | $468,896.82 |
| Barton, Kathleen | $37,500.00 | $13,968.52 | $51,468.52 | $51,468.52 | | $0.00 |
| Barton, Kathleen | $187,500.00 | $69,856.30 | $257,356.30 | $257,356.30 | | $0.00 |
| Barton, Kathleen | $15,500.00 | $5,773.22 | $21,273.22 | $21,273.22 | | $0.00 |
| Billings, Robert | $149,500.00 | $54,825.85 | $204,325.85 | $204,325.85 | | $204,325.85 |
| Bowman, William & Geri | $400,000.00 | $149,021.30 | $549,021.30 | $549,021.30 | $576,543.88 | $576,543.88 |
| Bright, Jeffrey | $24,000.00 | $8,938.18 | $32,938.18 | $32,938.18 | | $32,938.18 |
| Bright, Sandra K. | $26,000.00 | $9,691.08 | $35,691.08 | $35,691.08 | | $35,691.08 |
| Brown, Curt and Natalie | $393,392.18 | $146,561.80 | $539,953.98 | $539,953.98 | | $539,392.18 |
| Brown, Curt and Natalie | $128,450.00 | $47,853.10 | $176,303.10 | $176,303.10 | | $176,303.10 |
| Brown, Curt and Natalie | $650,000.00 | $242,155.74 | $892,155.74 | $892,155.74 | | $892,155.74 |
| Chun Trust, Edmund | $300,000.00 | $111,763.70 | $411,763.70 | $411,763.70 | | $411,763.70 |
| Chun Trust, Edmund | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| Craig, Rick | $500,000.00 | $186,267.96 | $686,267.96 | $686,267.96 | | $686,267.96 |
| Craig, Rick | $700,655.00 | $261,032.32 | $961,687.32 | $961,687.32 | | $961,687.32 |
| Cupples, Gordon | $200,000.00 | $74,505.18 | $274,505.18 | $274,505.18 | | $274,505.18 |
| Cupples, Gordon | $400,000.00 | $149,021.30 | $549,021.30 | $549,021.30 | | $549,021.30 |
| Cupples, Roxana | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $68,629.26 |
| DeCelles Family Trust | $1,251,228.56 | $458,906.36 | $1,710,134.92 | $1,710,134.92 | $1,681,856.87 | $1,681,856.87 |
| DeCelles, Phillip | $900,000.00 | $330,086.91 | $1,230,086.91 | $1,230,086.91 | $1,237,975.40 | $1,237,975.40 |
| DeCelles, Phillip | $21,000.00 | $7,703.61 | $28,703.61 | $28,703.61 | | $0.00 |
| Deis, Bryan | $250,000.00 | $93,134.44 | $343,134.44 | $343,134.44 | | $343,134.44 |
| Deis, Donna | $400,000.00 | $149,021.30 | $549,021.30 | $549,021.30 | | $549,021.30 |

| Creditor | Principal Balance | Accrued Interest | Total | Scheduled Claim | Proof of Claim Amount | Proposed Allowed Amount |
|---|---|---|---|---|---|---|
| Deis, Gary | $20,900.00 | $7,788.28 | $28,688.28 | $28,688.28 | $29,249.21 | $29,249.21 |
| Deis, Gary and Nancy | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | $140,338.60 | $140,338.60 |
| Deis, Nancy | $18,500.00 | $6,897.56 | $25,397.56 | $25,397.56 | $25,889.55 | $25,889.55 |
| Eisberg, Arthur C., Jr. | $180,000.00 | $67,062.78 | $247,062.78 | $247,062.78 | $252,785.52 | $252,785.52 |
| Eisberg, Lynn | $32,250.00 | $12,015.52 | $44,265.52 | $44,265.52 | $45,069.97 | $45,069.97 |
| Farrar, Mark | $48,500.00 | $18,072.56 | $66,572.56 | $66,572.56 | | $66,572.56 |
| Fischer, Gary | $292,500.00 | $108,969.26 | $401,469.26 | $401,469.26 | $401,469.26 | $401,469.26 |
| Foster, Maxine | $350,000.00 | $128,369.16 | $478,369.16 | $478,369.16 | | $478,369.16 |
| Garner, Lana | $986,000.00 | $367,331.26 | $1,353,331.26 | $1,353,331.26 | | $1,353,331.26 |
| Garner, Lana | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| Gehrmann, Jr., Thomas | $68,800.00 | $25,626.30 | $94,426.30 | $94,426.30 | | $94,426.30 |
| George, Cristine | $167,000.00 | $62,216.78 | $229,216.78 | $229,216.78 | | $229,216.78 |
| George, Thomas | $225,000.00 | $83,825.74 | $308,825.74 | $308,825.74 | | $308,825.74 |
| Gillet, Carol | $37,100.00 | $13,820.68 | $50,920.68 | $50,920.68 | | $50,920.68 |
| Gillet, Tom | $220,000.00 | $81,958.52 | $301,958.52 | $301,958.52 | | $301,958.52 |
| Guerrini, Peter | $73,700.00 | $27,456.10 | $101,156.10 | $101,156.10 | | $101,156.10 |
| Hacker, Bruce | $200,000.00 | $74,505.18 | $274,505.18 | $274,505.18 | $396,529.42 | $396,529.42 |
| Hacker, Bruce | $75,000.00 | $27,937.96 | $102,937.96 | $102,937.96 | | $0.00 |
| Hall, Louise | $108,000.00 | $40,237.30 | $148,237.30 | $148,237.30 | $156,035.34 | $156,035.34 |
| Hall, Thomas | $230,000.00 | $85,692.04 | $315,692.04 | $315,692.04 | $425,473.61 | $425,473.61 |
| Hall, Thomas | $70,000.00 | $26,083.52 | $96,083.52 | $96,083.52 | | $0.00 |
| Harmon, Donna | $1,000,000.00 | $372,547.78 | $1,372,547.78 | $1,372,547.78 | $1,440,601.67 | $1,440,601.67 |
| Hartwig, Bryan | $250,000.00 | $93,134.44 | $343,134.44 | $343,134.44 | | $343,134.44 |
| Hartwig, JoAnn | $225,000.00 | $82,524.77 | $307,524.77 | $307,524.77 | | $307,524.77 |
| Hise, George | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| Hooper, Gary and Barbara | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| House, James | $350,000.00 | $130,392.04 | $480,392.04 | $480,392.04 | $504,466.07 | $504,466.07 |
| Integrity Bank | $340,000.00 | $126,671.30 | $466,671.30 | $466,671.30 | $562,142.37 | $562,142.37 |
| Integrity Bank | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $0.00 |
| Kaapuni, Richard | $70,000.00 | $26,083.52 | $96,083.52 | $96,083.52 | | $96,083.52 |
| King, Charles | $275,000.00 | $102,455.00 | $377,455.00 | $377,455.00 | | $377,455.00 |

| Creditor | Principal Balance | Accrued Interest | Total | Scheduled Claim | Proof of Claim Amount | Proposed Allowed Amount |
|---|---|---|---|---|---|---|
| Kullberg, Margaret | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $68,629.26 |
| Maccarrone, Thomas | $275,000.00 | $102,455.00 | $377,455.00 | $377,455.00 | | $377,455.00 |
| Maccarrone, Thomas and Janel | $175,000.00 | $65,196.48 | $240,196.48 | $240,196.48 | | $240,196.48 |
| Massey, Curtis | $175,000.00 | $65,196.48 | $240,196.48 | $240,196.48 | $439,986.24 | $439,986.24 |
| Massey, Curtis | $78,250.00 | $29,149.00 | $107,399.00 | $107,399.00 | | $0.00 |
| Massey, Curtis | $25,000.00 | $9,308.70 | $34,308.70 | $34,308.70 | | $0.00 |
| Massey, Curtis | $27,000.00 | $10,062.52 | $37,062.52 | $37,062.52 | | $0.00 |
| McBride, James | $404,000.00 | $150,505.22 | $554,505.22 | $554,505.22 | | $554,505.22 |
| Melchisedeck, Jerry | $223,100.00 | $83,120.28 | $306,220.28 | $306,220.28 | $343,145.38 | $343,145.38 |
| Melchisedeck, Jerry | $26,900.00 | $10,025.10 | $36,925.10 | $36,925.10 | | $36,925.10 |
| Miclean, David | $157,500.00 | $58,681.30 | $216,181.30 | $216,181.30 | $380,882.22 | $380,882.22 |
| Miclean, David | $120,000.00 | $44,700.92 | $164,700.92 | $164,700.92 | | $0.00 |
| Milner, Don | $22,000.00 | $8,196.22 | $30,196.22 | $30,196.22 | | $30,196.22 |
| Milner, Sandra | $71,000.00 | $26,454.04 | $97,454.04 | $97,454.04 | | $97,454.04 |
| Morgan, Dustin | $168,000.00 | $62,588.22 | $230,588.22 | $230,588.22 | | $230,588.22 |
| Morgan, Dr. Michael | $125,494.00 | $46,752.48 | $172,246.48 | $172,246.48 | | $172,246.48 |
| Munyon, David | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $68,629.26 |
| Munyon, David | $25,000.00 | $9,308.70 | $34,308.70 | $34,308.70 | | $34,308.70 |
| Munyon, David | $21,000.00 | $7,824.78 | $28,824.78 | $28,824.78 | | $28,824.78 |
| Olsen, Steven | $110,000.00 | $40,979.26 | $150,979.26 | $150,979.26 | | $150,979.26 |
| Paxson, Ronald | $41,600.00 | $15,501.72 | $57,101.72 | $57,101.72 | | $57,101.72 |
| Paxson, Sharon | $286,500.00 | $106,732.44 | $393,232.44 | $393,232.44 | | $393,232.44 |
| Pelletier, Lawrence | $49,470.00 | $18,431.22 | $67,901.22 | $67,901.22 | $69,600.56 | $69,600.56 |
| Pelletier, Larry and Carol | $50,530.00 | $18,827.30 | $69,357.30 | $69,357.30 | $71,091.90 | $71,091.90 |
| Pulcheon, Jack | $121,000.00 | $45,083.30 | $166,083.30 | $166,083.30 | | $166,083.30 |
| Reineke, Ross | $406,000.00 | $151,259.04 | $557,259.04 | $557,259.04 | $630,248.27 | $630,248.27 |
| Roderick, Richard | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| Rogers, Aimee | $28,500.00 | $10,618.30 | $39,118.30 | $39,118.30 | $42,289.82 | $42,289.82 |
| Rogers, Sterling | $83,500.00 | $31,102.92 | $114,602.92 | $114,602.92 | $124,837.64 | $124,837.64 |
| Rothe, Randy | $150,000.00 | $55,887.78 | $205,887.78 | $205,887.78 | | $205,887.78 |
| Schwartzbach, Stephen | $1,082,000.00 | $403,094.00 | $1,485,094.00 | $1,485,094.00 | $1,693,285.19 | $1,693,285.19 |

| Creditor | Principal Balance | Accrued Interest | Total | Scheduled Claim | Proof of Claim Amount | Proposed Allowed Amount |
|---|---|---|---|---|---|---|
| Schwartzbach, Stephen | $78,000.00 | $29,062.30 | $107,062.30 | $107,062.30 | | $0.00 |
| Shade, Terry | $120,000.00 | $44,700.92 | $164,700.92 | $164,700.92 | | $164,700.92 |
| Shade, Terry | $118,293.50 | $44,070.30 | $162,363.80 | $162,363.80 | | $162,363.80 |
| Shade, Terry | $82,500.00 | $30,731.48 | $113,231.48 | $113,231.48 | | $113,231.48 |
| Tedder, Debra | $57,000.00 | $21,237.52 | $78,237.52 | $78,237.52 | | $78,237.52 |
| Tedds, Roger | $200,000.00 | $74,505.18 | $274,505.18 | $274,505.18 | | $274,505.18 |
| Toelle, Bruce | $308,000.00 | $114,742.48 | $422,742.48 | $422,742.48 | | $422,742.48 |
| Toelle, Maryann | $28,500.00 | $10,618.30 | $39,118.30 | $39,118.30 | | $39,118.30 |
| Uchida, Melvyn | $127,500.00 | $47,494.44 | $174,994.44 | $174,994.44 | | $174,994.44 |
| Uchida, Melvyn | $200,000.00 | $74,505.18 | $274,505.18 | $274,505.18 | | $274,505.18 |
| Wade, Stephen and Rita | $100,000.00 | $37,258.52 | $137,258.52 | $137,258.52 | | $137,258.52 |
| Walker, Patrick | $150,000.00 | $55,887.78 | $205,887.78 | $205,887.78 | No Amount | $205,887.78 |
| Wells, Linda | $500,000.00 | $195,733.32 | $695,733.32 | $695,733.32 | | $695,733.32 |
| Wells, Walter | $50,000.00 | $18,629.26 | $68,629.26 | $68,629.26 | | $68,629.26 |
| Wilson, C.B. and Patricia | $100,000.00 | $36,680.38 | $136,680.38 | $136,680.38 | | $136,680.38 |
| Wilson, C.B. and Patricia | $409,516.76 | $150,202.14 | $559,718.90 | $559,718.90 | | $559,718.90 |
| Wilson, Patricia Ann | $154,070.00 | $57,396.34 | $211,466.34 | $211,466.34 | | $211,466.34 |
| Yohanan, James Michael | $61,500.00 | $22,906.70 | $84,406.70 | $84,406.70 | | $84,406.70 |
| Yohanan, Mary F. | $24,750.00 | $9,222.00 | $33,972.00 | $33,972.00 | | $33,972.00 |
| **Totals** | $21,542,000.00 | $8,015,255.76 | $29,557,255.76 | $29,557,255.76 | | $29,976,715.38 |

Note: Several Proofs of Claim were filed on account of multiple promissory notes. The full amount of the respective Proof of Claim is proposed to be allowed but no attempt has been made to allocate the claimed amount to the multiple notes. Accordingly, some claims are shown to be allowed in the amount of $0.00, however, the claimed amounts asserted in the Proof of Claim are reflected in the allowed amount of the first note held by the respective Noteholder.

2.06.   Class 6.   Consists of the claim of Ross A. Reineke, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.07.   Class 7.   Consists of the claim of Colorado Capital Ventures 3, LLC, to the extent allowed as a secured claim under §506 of the Code with

respect to the Real Property.

2.08. <u>Class 8</u>. Consists of the claim of the DeCelles Trust, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.09. <u>Class 9</u>. Consists of the claim of First Regional Bank, c/o Trust Administrative Services Corporation FBO Philip P. DeCelles, to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.10. <u>Class 10</u>. Consists of the claim of William R. Bowman and Geri A. Bowman; Bruce D. Hacker and Nancy J. Hacker; H. Thomas Hall and Lousie M. Hall; Donna M. Harmon; James B. House; Curtis Massey; Kathleen H. Barton; Integrity Bank and f/b/o "IBAT," a Colorado corporation; and Stephen L. Schwartzbach , to the extent allowed as a secured claim under §506 of the Code with respect to the Real Property.

2.11. <u>Class 11</u>. Consists of unsecured claims that may be asserted by the holders of claims in Classes 2 through 10 as a result of the bifurcation of the claims under Section 506 of the Bankruptcy Code

2.12. <u>Class 12</u>. Consists of the equity interest of the Debtor held by Mitchell Yellen.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
## U.S. TRUSTEE FEES AND PRIORITY TAX CLAIMS

3.01. <u>Unclassified Claims</u>. Under §1123(a)(1) of the Code, administrative expense claims, and priority tax claims are not in classes.

3.02. <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full of the effective date of the Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed up by the holder of such claim and the Debtor from the proceeds of the sale of Real Property.

3.03. <u>Priority Tax Claims</u>. No priority tax claims have been asserted against the Debtor.

3.04. <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted

to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of the Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01.  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | No Class 1 claims exist.  No Proofs of Claim asserting entitlement to priority treatment have been filed. |
| Class 2 - Secured Claim of Colorado Capital Ventures, LLC | Unimpaired | Colorado Capital Ventures, LLC, filed Proof of Claim numbered 13 in the amount of $500,455.08.  The claim was filed as a secured claim in the amount of $498,955.08 arising from the assignment of a transcript of judgment recorded on April 22, 2010, in the original amount of $448,346.03.  The claim also includes an unsecured amount of $1,500.00. |
| | | Pursuant to 11 U.S.C. §506(a) (1) "An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim.  11 U.S.C. §506(b) provides: "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." |
| | | The secured claim represents the first priority lien against the Real Property.  The value of Real Property exceeds the amount of the secured claim. To the extent allowed, the Class 2 secured claim will be paid in full, including interest and other charges allowable under Section 506 of the Bankruptcy Code from the proceeds of the sale of the Real Property. |
| | | The Debtor reserves any rights it may have to file a objection to allowance of the claim if appropriate.  To the extent that any portion of the secured claim is reclassified as unsecured, any such amount will be treated as a Class |

| Class | Impairment | Treatment |
|---|---|---|
| | | 11 Unsecured Claim. |
| | | The $1,500.00 unsecured amount set forth in the Proof of Claim will be treated as a Class 11 Unsecured Claim. |
| Class 3 - Secured Claim of Colorado Capital Ventures 2, LLC | Unimpaired | Colorado Capital Ventures 2, LLC, filed Proof of Claim numbered 14 in the amount of $162,450.81. The claim was filed as a secured claim in the amount of $162,450.81 arising from the assignment of a Deed of Trust dated March 29, 2010, between Mitchell B. Yellen, Wealth Wonks Capital LLC and Crossover Financial I, LLC for the benefit of M. Jim Zendejas of Stinar & Zendejas, LLC in the amount of $130,000.00 initially recorded on April 16, 2010 and re-recorded on April 26, 2010, in the original amount of $130,000.00 for legal services provided to the Debtor. |
| | | Pursuant to 11 U.S.C. §506(a) (1) "An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. 11 U.S.C. §506(b) provides: "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." |
| | | The secured claim represents the second priority lien against the Real Property. The value of Real Property exceeds the amount of the secured claim. To the extent allowed, the Class 3 secured claim will be paid in full, including interest and other charges allowable under Section 506 of the Bankruptcy Code from the proceeds of the sale of the Real Property. |
| | | The Debtor reserves any rights it may have to file a objection to allowance of the claim if appropriate. To the extent that any portion of the secured claim is reclassified as unsecured, any such amount will be treated as a Class 11 Unsecured Claim. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 4 - Secured Claim of Allen and Vellone, P.C. | Impaired | The claim of Allen & Vellone, P.C., was scheduled as a secured claim in the Debtor's schedules in the amount of $90,000.00 arising from a Deed of Trust dated June 17, 2010 between Crossover Financial I, LLC for the benefit of Allen & Velone, P.C. in the amount of $90,000.00 recorded on June 21, 2010, for legal services provided to the Debtor. The claim will be allowed in the amount of $85,711.96. The claim was not scheduled as contingent, unliquidated or disputed by the Debtor.<br><br>The secured claim represents the third priority lien against the Real Property. The value of Real Property exceeds the amount of the secured claim. To the extent allowed, the Class 3 secured claim will be paid from the proceeds of the sale of the Real Property. The claim will not be entitled to interest or other amounts that may be allowable under Section 506 of the Bankruptcy Code because no Proof of Claim was timely filed.<br><br>The Debtor reserves any rights it may have to file a objection to allowance of the claim if appropriate. To the extent that any portion of the secured claim is reclassified as unsecured, any such amount will be treated as a Class 11 Unsecured Claim. |
| Class 5 - Secured Claim of Noteholders | Impaired | Class 5 claims consist of the claims of the holders of 108 promissory notes issued by the Debtor under a Private Placement Memorandum and secured byDeed of Trust dated June 23, 2010 between Crossover Financial I, LLC for the benefit of the 108 Noteholders in the amount of $21,542,000.00 recorded on June 25, 2010 at reception no. 210060614 and re-recorded on March 21, 2011 at reception no. 211028297 to correct a copying error whereby certain names were cut off from Exhibit B listing the beneficiaries of the Deed of Trust.<br><br>The secured claim represents the fourth priority lien against the Real Property. The principal amount of the Deed of Trust exceeds the fair market value of the Real Property.<br><br>Class 5 claimants shall receive the balance of the proceeds of sale of the Real Property on a pro rata basis of the principal amount of the respective promissory notes after the payment of unclassified administrative expenses and claims in Classes 2, 3, 4 and 5.<br><br>Pursuant to Section 506 of the Bankruptcy Code, to the extent that proceeds from the sale of the Real Property |

| Class | Impairment | Treatment |
|---|---|---|
| | | are insufficient to pay the principal amount of the promissory notes in full, any unpaid principal balance, together with accrued interest and other charges will be treated as a Class 11 Unsecured Claim. |
| Class 6 - Secured Claim of Ross A. Rieneke | Impaired | Ross A. Rieneke filed Proof of Claim numbered 15 in the amount of $630,248.27. The claim was filed as a secured claim arising from a transcript of judgment recorded on August 25, 2010, in the original amount of $563,417.60, or alternatively, as a secured claim as a beneficiary of the Deed of Trust dated June 23, 2010.<br><br>The claim of Ross A. Rieneke as a beneficiary of the Deed of Trust dated June 23, 2010 is allowed as a Class 5 claim.<br><br>To the extent that the claim is asserted as arising from the judgment lien created upon the filing of the transcript of judgment, the fair market value of Real Property is less that the amount of the senior secured claims (Class 2 through Class 5) and pursuant to 11 U.S.C. §506, the balance of the claim not paid as a Class 5 claim will be treated as a Class 11 Unsecured Claim. |
| Class 7 - Secured Claim of Colorado Capital Ventures, LLC | Impaired | Colorado Capital Ventures 3, LLC, filed Proof of Claim numbered 12 in the amount of $16,184.34. The claim was filed as a secured claim arising from a Deed of Trust recorded on March 4, 2011.<br><br>The fair market value of Real Property is less that the amount of the senior secured claims (Class 2 through Class 6) and pursuant to 11 U.S.C. §506, the claim will be treated as a Class 11 Unsecured Claim. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 8 - Secured Claim of The DeCelles Trust | Impaired | The DeCelles Trust filed Proof of Claim numbered 11 in the amount of $1,681,856.67. The claim was filed as a secured claim arising from a transcript of judgment recorded on March 28, 2011, in the original amount of $1,681,856.67, or alternatively, as a secured claim as a beneficiary of the Deed of Trust dated June 23, 2010.<br><br>The claim of The DeCelles Trust as a beneficiary of the Deed of Trust dated June 23, 2010 is allowed as a Class 5 claim.<br><br>To the extent that the claim is asserted as arising from the judgment lien created upon the filing of the transcript of judgment, the fair market value of Real Property is less that the amount of the senior secured claims (Class 2 through Class 7) and pursuant to 11 U.S.C. §506, the balance of the claim not paid as a Class 5 claim will be treated as a Class 11 Unsecured Claim. |
| Class 9 - Secured Claim of First Regional Bank, c/o Trust Administrative Services Corporation FBO Philip P. DeCelles | Impaired | First Regional Bank, c/o Trust Administrative Services Corporation FBO Philip P. DeCelles filed Proof of Claim numbered 10 in the amount of $1,237,975.40. The claim was filed as a secured claim arising from a transcript of judgment recorded on March 28, 2011, in the original amount of $1,237975.40, or alternatively, as a secured claim as a beneficiary of the Deed of Trust dated June 23, 2010.<br><br>The claim of First Regional Bank, c/o Trust Administrative Services Corporation FBO Philip P. DeCelles as a beneficiary of the Deed of Trust dated June 23, 2010 is allowed as a Class 5 claim.<br><br>To the extent that the claim is asserted as arising from the judgment lien created upon the filing of the transcript of judgment, the fair market value of Real Property is less that the amount of the senior secured claims (Class 2 through Class 8) and pursuant to 11 U.S.C. §506, the balance of the claim not paid as a Class 5 claim will be treated as a Class 11 Unsecured Claim. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 10 - Secured Claim of William R. Bowman and Geri A. Bowman; Bruce D. Hacker and Nancy J. Hacker; H. Thomas Hall and Lousie M. Hall; Donna M. Harmon; James B. House; Curtis Massey; Kathleen H. Barton; Integrity Bank and f/b/o "IBAT," a Colorado corporation; and Stephen L. Schwartzbach | Impaired | The holders of Class 10 claims: William R. Bowman and Geri A. Bowman; Bruce D. Hacker and Nancy J. Hacker; H. Thomas Hall and Lousie M. Hall; Donna M. Harmon; James B. House; Curtis Massey; Kathleen H. Barton; Integrity Bank and f/b/o "IBAT," a Colorado corporation; and Stephen L. Schwartzbach eached filed proofs of claim against the bankruptcy estate as a secured claims arising from a transcript of judgment recorded on May 18, 2011, in the aggregate original amount of $6,608,198.29, or alternatively, as secured claims as beneficiaries of the Deed of Trust dated June 23, 2010.<br><br>The claims of the Class 10 claimants as beneficiaries of the Deed of Trust dated June 23, 2010 are allowed as a Class 5 claims.<br><br>To the extent that the claims are asserted as arising from the judgment lien created upon the filing of the transcript of judgment, the fair market value of Real Property is less that the amount of the senior secured claims (Class 2 through Class 9) and pursuant to 11 U.S.C. §506, the balance of the claims not paid as Class 5 claims will be treated as a Class 11 Unsecured Claim. |
| Class 11 - Unsecured Claims | Impaired | Class 11 consists of any unsecured portion of claims in Classes 2 through 10 as a result of the bifurcation of the respective claims under Section 506 of the Bankruptcy Code or any other portion of the claims that may disallowed as secured claims.<br><br>It is not expected that unsecured claims will receive distributions under the plan.<br><br>To the extent that potential litigation is commenced by the Debtor and results in any monetary recovery, the net monetary recovery (after deduction of any associated fees, costs, or other expenses) shall be distributed the holders of Class 11 claims on a pro rata basis. |
| Class 12 - Equity Claims | Impaired | Mitchell Yellen, is the sole member of the Debtor. Upon completion of the distributions to creditors in Classes 2 through 11, the membership interest will be cancelled and the Equity Claims will not receive any property under the plan. |

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection.

5.02   Disallowed Claims.  On July 18, 2011, the Court entered an order establishing September 6, 2011 as the deadline for filing proof of claims.  Pursuant to the order, creditors whose claims were listed in the Debtor's schedules as disputed, contingent or unliquidated and who did not file proofs of claims by the deadline are disallowed with respect to the Debtor's bankruptcy estate.

5.03   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed.

5.04   Settlement of Disputed Claims.  Prior to the Effective Date of the Plan, the Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.  After the Effective Date, only the Liquidating Trustee may settle and compromise claims, which settlement shall be subject to court approval and compliance with Rule 9019.

5.05   Objections to Disputed Claims.  After the Effective Date of the Plan, only the Liquidating Trustee may object to claims.  Any objection to a disputed claim must be made within 90 days after the Effective Date of the Plan.

5.06   Unclaimed Distributions.  Any distributions made to creditors that are unclaimed after 90 days, together with any additional distributions that the creditor would be entitled to receive, shall be distributed to other allowed Class 5 claimants on a pro rata basis.

# ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of the Plan:

None

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming the Plan, upon the effective date of the Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01. <u>Liquidating Trust</u>. On the Effective Date of the Plan, the Debtor will enter into the <u>Crossover Financial I Liquidating Trust Agreement</u> ("Trust Agreement") for the benefit of the holders of claims against the bankruptcy estate. On the Effective Date, legal title to all property of the estate, as defined by 11 U.S.C. §541, including without limitation all causes of action (subject to applicable statutory limitations) that were or could have been brought by the Debtor-in-Possession, shall be vested in the Trust in accordance with and pursuant to the terms of the Plan and the Trust Agreement. Except as otherwise provided in the Plan, on the Effective Date, the Trustee, on behalf of the Trust, shall be: (i) authorized to act as representative of the Debtor's Estate in respect of any and all claims or causes of action that constitute Trust Assets or assets of the Trust Estate (ii) substituted as successor to the Debtor (a) in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court or elsewhere in regard to the Trust Assets or the Trust Estate, and (b) in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court, including Avoidance Actions as defined in the Plan. A copy of the proposed Trust Agreement is attached hereto as **Exhibit 1**.

7.02 <u>Transfer of Assets</u>. Pursuant to 11 U.S.C. §§1123(a)(5)(B)(D) and (E) and 1123(b)(5), the transfer of the Debtor's assets to the Trust shall be free and clear of all liens, claims, interests and encumbrances. The liquidation of the assets and distribution of proceeds shall be subject to the terms of the Plan. The affected liens, claims, interests and encumbrances are set forth in **Exhibit 2**.

7.03. <u>Liquidating Trustee</u>. C. Randel Lewis, Principal and Founder of Western Receiver, Trustee & Consulting Services Ltd., will serve as the Liquidating Trustee and deemed to have been appointed as representative of the estate by the Bankruptcy Court pursuant to 11 U.S.C. §1123(b)(3)(B). Mr. Lewis will be entitled to compensation for his services on an hourly basis at his normal hourly rate of $385 per hour. Mr. Lewis' professional qualifications are set forth in **Exhibit 3** attached hereto.

7.04 <u>Liquidation of the Real Property</u>. The Liquidating Trustee shall have the duty to liquidate the Real Property and distribute the proceeds thereof in accordance with the provisions of

the Plan. The Liquidating Trustee shall have the power to determine the best method for selling the property, including the authority to propose an auction procedure, in the exercise of the Liquidating Trustee's reasonable business judgment. The Liquidating Trustee shall provide notice of the proposed sale procedure to the beneficiaries of the Trust who shall have fourteen (14) days to respond. In the absence of objection, the Liquidating Trustee may proceed with the sale without the supervision or approval of the Bankruptcy Court. In the event objections to the sale procedure are received, and cannot be resolved by agreement, the matter will be submitted to the Bankruptcy Court for resolution.

       7.05    <u>Additional Trustee Duties</u>. Additionally, the Liquidating Trustee's duties shall include, but are not limited to:

    a.)    Preserving and maintaining the property conveyed to the trust;

    b.)    Effectuating the distributions to claimants pursuant to the terms of the Plan;

    c.)    Evaluating and determining the highest and best offer in the event that competing bids for the purchase of the estate property are submitted;

    d.)    Conveying the estate property to the successful purchaser;

    e.)    In the event of a default in the by any proposed purchaser, liquidating any remaining property in a manner best suited to maximize the distributions to claimants at the sole discretion of the Trustee; and

    f.)    Take any other reasonable actions necessary to administer the Trust and effectuate the terms of the Plan.

       7.06    <u>Avoidance Actions</u>. The Debtor has commenced two adversary proceedings seeking to avoid the judicial liens obtained by the DeCelles Creditors and the Bowman Creditors within the 90 immediately preceding the filing of the bankruptcy case as preferential transfers under 11 U.S.C. §547. No monetary claims have been asserted in those actions. Under the terms of the Plan, it appears funds will not be sufficient pay higher priority classes in full and no payments will be made on account of the judicial liens rendering the actions moot. However, the Liquidating Trustee shall retain the power to pursue, or abandon such actions in his sole discretion.

       7.07    <u>Liquidating Trustee's Employment of Professionals</u>. The Liquidating Trustee may retain such legal counsel, accountants, advisors, professionals or other persons as deemed necessary by the Liquidating Trustee to assist the Liquidating Trustee in fulfilling his duties hereunder or in exercising any of the Liquidating Trustee's rights and powers hereunder (regardless of whether any such person is related to the Liquidating Trustee or is otherwise affiliated with the Liquidating Trustee in any manner, except as expressly provided herein). To the extent that the Liquidating Trustee is licensed and capable of doing so, the Liquidating Trustee may serve as its own attorney, accountant and/or tax specialist in conjunction with any of the rights, powers and duties of the

Liquidating Trustee under this Trust Agreement.

7.08 Compensation and Reimbursement of the Liquidating Trustee and Professionals. The Liquidating Trustee or any professionals or any other person retained by the Liquidating Trustee pursuant to this Trust Agreement shall be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such Liquidating Trustee, professional or person on an hourly basis, at the standard billing rates for such services in effect at the time of service or such other rate of compensation that is reasonable. All reasonable out-of-pocket expenses incurred by the Liquidating Trustee or any other professional or other person retained by the Liquidating Trustee shall be reimbursable as a Trust Administration Expense.

7.09 No Rights In Assets. The Trust Estate shall be held by the Trustee in trust for the benefit of the Claimants. Consequently, this Trust Agreement does not create for, or give to, any Claimant any direct interest or property right to any of the Trust Assets, and no Claimant shall have any rights against any such assets until a distribution is made or required to be made to a Claimant under the Plan.

7.10 Limitation on Liability of the Liquidating Trustee. Subject to applicable law, the Liquidating Trustee shall not be liable for any act he may do or omit to do as the Liquidating Trustee hereunder while acting in good faith and in the exercise of his reasonable judgment; nor shall the Liquidating Trustee be liable in any event except for his own gross negligence or willful conduct. The foregoing limitation of liability shall apply equally to the agents and/or employees of the Liquidating Trustee acting on behalf of the Liquidating Trustee in the fulfillment of the Liquidating Trustee's duties hereunder.

7.11. Quarterly Fees. Prior to the entry of the final decree, the Liquidating Trustee shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee. Payments continue until the chapter 11 case is dismissed, converted or closed. The quarterly fee shall be paid as it becomes due.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set for in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02 Effective Date of Plan. The effective date of this Plan is the 15th day following the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforce ability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and enure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over these proceedings after confirmation of the Plan for the following purposes:

a. To hear and determine any dispute arising under the Plan.

b. To make such Orders as are necessary or appropriate to carry out the provisions of the Plan.

c. To make such Orders as may be appropriate under Section 1142 of the Code.

d. To adjudicate all claims objections filed by the Debtor or other parties in interest.

e. To consider and order any amendments to this Plan post confirmation as may be requested under Section 1127 of the Code.

f. To hear and determine all fee applications or requests for approval of administrative expenses.

g. To enforce orders previously entered by the Court.

h. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or order of confirmation as may be necessary to carry out the purposes and intents of the Plan.

8.07. All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

To the Debtor at:

Crossover Financial I, LLC
P.O. Box 2645
Elizabeth, CO 80107

With a copy to:

Stephen C. Nicholls
Nicholls & Associates, P.C.

    1850 Race Street  
    Denver, CO 80206

To the Liquidating Trustee at:

C. Randel Lewis  
1600 Wynkoop Street, Suite 200  
Denver, CO 80202

With a copy to:

Caroline C. Fuller  
Fairfield & Woods, P.C.  
1700 Lincoln St., Suite 2400  
Denver, CO 80203-4524

    To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, or at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

    8.08.   If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or notify the Debtor of a forwarding address within one (1) year of the Effective Date of the Plan, the person or entity is deemed to have released the Debtor and abandoned any right to payment or distribution under the Plan.

## ARTICLE IX
## EFFECT OF CONFIRMATION

    9.01   Effect of Confirmation.  The provisions of a confirmed plan bind the debtor and any creditor or equity security holder, whether or not the claim or interest of such creditor or equity security holder is impaired under the plan and whether or not such creditor or equity security holder has accepted the plan.

    9.02   No Discharge.  In accordance with Section 1141(d)(3) of the Bankruptcy Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

## ARTICLE X
## OTHER PROVISIONS

    10.01   Insurance.  Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will be obtained and kept in force throughout the period of the Plan.

Dated: August 21, 2013							CROSSOVER FINANCIAL I, LLC


							By: /s/ Mitchell B. Yellen
								Mitchell B. Yellen, Managing Member

APPROVED AS TO FORM


/s/ Stephen C. Nicholls
Stephen C. Nicholls, #30139
NICHOLLS & ASSOCIATES, P.C.
1850 Race Street
Denver, CO 80206
(303) 329-9700
(303) 329-6950
steve.nicholls@nichollslaw.com

Attorneys for Debtor