UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CROSSOVER FINANCIAL I, LLC | ) | Case No.  11-24257 SBB |
| | ) | Chapter   11 |
| EIN #: 20-3295455 | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO ADEQUACY OF [PROPOSED] CORRECTED FOURTH AMENDED DISCLOSURE STATEMENT TO ACCOMPANY DEBTOR'S FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 21, 2013**

Ross A. Reineke, a creditor of the Debtor in this matter ("Reineke"), through his attorneys of record, hereby objects to the adequacy of the [Proposed] Corrected Disclosure Statement to Accompany Debtor's Fourth Amended Chapter 11 Plan of Reorganization Dated August 21, 2013.  In support of his objection, Reineke states as follows:

## INTRODUCTION

1. On June 15, 2011,  above-captioned debtor (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. On August 21, the Debtor filed its Fourth Amended Plan of Reorganization (the "Fourth Amended Plan").

3. On September 12, 2013, the Debtor filed its [Proposed] Corrected Disclosure Statement to Accompany Debtor's Fourth Amended Chapter 11 Plan of Reorganization Dated August 21, 2013 (the "Corrected Disclosure Statement").

4. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## APPLICABLE STANDARDS

5. Prior to soliciting acceptances for a reorganization plan Bankruptcy Code section 1125 requires a debtor to file a disclosure statement that contains "adequate information." See 11 U.S.C. § 1125(b). The Bankruptcy Code defines adequate information as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .
>
> 11 U.S.C. § 1125(b).

6.  Additionally, a court can withhold approval of a proposed disclosure statement if the proposed plan is non-confirmable. See, e.g., *In re Georgetown Park Apartments, Ltd.*, 103 B.R. 248, 250 (Bankr. S.D. Cal. 1989).

7.  For reasons set forth below, the Corrected Disclosure Statement does not satisfy these standards, and the Court should deny approval of the Corrected Disclosure Statement.

## OBJECTIONS

8.  The Debtor's Plan is not confirmable, because it is not proposed in good faith, the Debtor has not complied with the provisions of Title 11 applicable to debtors-in-possession, and it is not in the best interest of creditors to confirm the Plan.

9.  The Debtor's Plan is not confirmable, because it classifies unlike creditors in the same class and does not provide fair and equitable treatment of the Debtor's creditors. Debtor's Plan treats as secured those creditors who were intended to be beneficiaries of the Deed of Trust recorded by the Debtor on June 25, 2010, but who were not identified in the recorded Deed of Trust.

10. The Debtor's management does not have the authority to propose a plan of reorganization, under the applicable corporate governance documents.

11. Approval of a disclosure statement for a plan which is not confirmable is not necessary or in the best interests of the Estate or the creditors.

## REQUEST FOR HEARING

12. Reineke requests the Court to take evidence upon each of the issues raised in this Objection.

## REQUEST FOR RELIEF

Wherefore, for the reasons set forth above, Creditor Reineke requests the Court to enter its order denying the adequacy of the Debtor's [Proposed] Corrected Fourth Amended Disclosure Statement, and enter such other and further relief as is deemed appropriate by this Court.

Dated this 26th day of September, 2013.	THOMAS F. QUINN, P.C.

*s/ Thomas F. Quinn*
By:_____
Thomas F. Quinn (# 5887)
303 E. 17th Ave., Suite 800
Denver, CO 80203
Telephone: (303) 832-4355
Facsimile: (303) 672-8281
Email: tquinn@tfqlaw.com

and	Donald W. Alperstein
Alperstein & Covell, P.C.
1660 Broadway, Suite 900
Denver, CO 80202
Telephone: (303) 894.8191
Facsimile: (303) 861.0420
Email: dwa@alpersteincovell.com

Counsel for Ross A. Reineke

**CERTIFICATE OF SERVICE**

   I hereby certify that I have serviced on this 26th day of September, 2013, a true and correct copy of the foregoing **OBJECTION TO ADEQUACY OF [PROPOSED] CORRECTED FORTH AMENDED DISCLOSURE STATEMENT TO ACCOMPANY DEBTOR'S FORTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 12, 2013** by placing the same in the United States mail, postage prepaid, addressed to:

| | |
|---|---|
| Alan K. Motes, Esq.<br>U.S. Trustee's Office<br>999 18th St., #1551<br>Denver, CO 80202 | Phillip P. Decelles and Nancy L. DeCelles<br>DeCelles Family Trust 1124 State Lane<br>Yountville, CA 94599 |
| Jason P. Kane, Esq.<br>Ranson & Kane, P.C. 3475 Briargate Blvd.,<br>Ste. 201<br>Colorado Springs, CO 80920 | Stephen C. Nicholls, Esq.<br>1850 Race St.<br>Denver, CO 80206 |
| John Randolph Torbet, Esq.<br>Torbet & Tuft, LLC<br>320 E. Costilla St.<br>Colorado Springs, CO 80903 | Steven J. Barr, Esq.<br>5410 Powers Center Pt., Ste. 100<br>Colorado Springs, CO 80920 |
| Jeffrey L. Weeks, Esq.<br>Weeks & Luchetta, LLP<br>102 S. Tejon St., Ste. 910<br>Colorado Springs, CO 80903 | Daniel K. Usiak, Esq.<br>128 S. Tejon St., Ste. 202<br>Colorado Springs, CO 80903 |
| Law Office of D. Bruce Coles, P.C.<br>Attn: Donald Bruce Coles<br>7500 E. Arapahoe Rd. Ste 360<br>Centennial, CO 80112 | Stephen C. Nicholls<br>Nicholls & Associates, P.C.<br>1850 Race Street<br>Denver, CO 80206 |
| Jeffrey A. Weinman<br>William A. Richey<br>Weinman & Associates, P.C.<br>730 17th Street, Suite 240<br>Denver, CO 80202-3506 | |

                *S/* Denae Brogie

                _____